UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALE E. CHAMNESS,

    Plaintiff,

v.                                                                              Case No. 8:05-cv-1064-T-23EAJ

PASCO COUNTY DETENTION CENTER,

    Defendant.
_____/

**O R D E R**

Chamness' § 1983 civil rights complaint (Doc. 2) alleges that his rights were violated while confined in the Pasco County Detention Center. The defendants removed the action to federal court (Doc. 1), and simultaneously filed a motion to dismiss (Doc. 4). Since Chamness is appearing pro se, he is advised out of an abundance of caution[1] that the granting of this motion would represent a final adjudication of this case, which may foreclose subsequent litigation on the matter. In resolving a challenge that asserts the complaint's failure to state a claim, the court should construe the material allegations favorably to the non-moving party. *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999). An especially lenient standard applies to allegations in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519 (1972) (per

---

[1] *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985), wherein the court expressed concern about pro se litigants facing dispositive motions.

curiam), *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995). Nevertheless, Chamness is advised that he must oppose the motion to dismiss.

Accordingly, Chamness has twenty (20) days to oppose the motion to dismiss (Doc. 4). The failure to timely do so could result in the dismissal of this action.

ORDERED in Tampa, Florida, on June 17, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro