UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALE E. CHAMNESS,

    Plaintiff,

v.                                                    Case No. 8:05-cv-1064-T-23EAJ

PASCO COUNTY DETENTION FACILITY,

    Defendant.
_____/

**O R D E R**

        Chamness filed in state court a "Motion of Suit" (Doc. 2), which the defendant removed to federal court because the document alleged the denial of constitutional and civil rights by the defendant while Chamness is confined in the detention facility. The defendant moves for dismissal (Doc. 4), which Chamness opposes (Doc. 8).

        In resolving a challenge that asserts the complaint's failure to state a claim, the court should construe the material allegations favorably to the non-moving party. *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999). An especially lenient standard applies to allegations in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995). Even with this leniency in Chamness' favor, the complaint nevertheless must be dismissed.

Chamness is confined in the Pasco County Detention Facility awaiting the disposition of criminal charges.  He alleges that on four occasions in April of 2005, his appointed counsel was told that Chamness was not present at the detention facility or was unavailable when counsel tried to visit Chamness.  The complaint seeks "immediate and unconditional release and punitive damages."

Chamness is advised that a federal court is generally barred from intervening in ongoing state court proceedings.  This bar is pursuant to the "abstention doctrine" established in *Younger v. Harris*, 401 U.S.37 (1971).  "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.*, at 45.  Chamness has not shown there are compelling reasons for this court to interfere with pending state court proceedings.

Additionally, when a state prisoner challenges the fact or duration of his confinement, his exclusive federal remedy is a writ of habeas corpus.  *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973).  This long-standing principle was again affirmed in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;

> if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Note that the proper procedure is to **dismiss** the civil rights complaint if the court determines that the validity of the conviction or sentence will be called into question if the plaintiff prevails. A claim under § 1983 does not exist until Chamness is convicted and he prevails in having the conviction overturned. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90.

Consequently, Chamness' complaint fails to state a cause of action as a matter of law because it does not allege that he have been convicted and the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck,* 512 U.S. at 487. Should Chamness wish to pursue this matter further, a new action should be commenced in which he makes the requisite showing as outlined above. This case will be dismissed without prejudice to Chamness's right to re-file his claim under 42 U.S.C. § 1983 when he can demonstrate that a conviction or sentence has been invalidated.

Additionally, Chamness argues in his opposition to the motion to dismiss that he has a right to "unfettered" access to a law library. He is mistaken. To state a claim of denial of access to the courts, Chamness must show that he has incurred an "actual injury". This requirement of an actual injury "derives ultimately from the doctrine of standing. . . ." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). As the Court stated:

> an inmate cannot establish relevant actual injury simply by establishing
> that his prison's law library or legal assistance program is sub-par in some
> theoretical sense.  That would be the precise analogue of the healthy
> inmate claiming constitutional violation because of the inadequacy of the
> prison infirmary.  Insofar as the right vindicated by *Bounds [v. Smith]* is
> concerned, "meaningful access to the courts is the touchstone," *Bounds*,
> 430 U.S. at 823, 97 S. Ct. at 1495, and the inmate therefore must go one
> step further and demonstrate that the alleged shortcomings in the library
> or legal assistance program hindered his efforts to pursue a legal claim.

*Lewis*, 518 U.S. at 351.  *Accord Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (A plaintiff raising an access to the court's claim "must show actual injury before seeking relief.").  To the extent that Chamness intends to assert an access to the court claim, he must show how the defendant's conduct precluded him from pursing a nonfrivolous challenge to conditions of confinement.[*]  *Wilson*, 163 F.3d at 1290.

Accordingly, the motion to dismiss (Doc. 4) is **GRANTED**.  The civil rights complaint (Doc. 2) is **DISMISSED**.  The clerk shall **ENTER A JUDGMENT** against Chamness and **CLOSE** this action.

ORDERED in Tampa, Florida, on July 13, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

[*] Because Chamness has appointed counsel representing him in the pending criminal proceedings, he does not have a right to access a law library to research matters related to the criminal proceedings.  The appointment of counsel protects Chamness' right of access to the courts.  Additionally, Chamness does not have a right to the appointment of *pro bono* counsel in a civil proceeding.

- 4 -